972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Chris TELESCA, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David E. SANDGREN, Defendant-Appellant.
 Nos. 91-5516, 91-5517.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: July 31, 1992
 
 Thomas K. Maher, BESKIND & RUDOLF, P.A., Chapel Hill, North Carolina, for Appellants.
 Margaret Person Currin, United States Attorney, Robert D. Potter, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Chris Telesca and David Sandgren appeal from the judgments entered by the district court following their convictions under N.C. Gen. Stat. § 14-190.9 (1986), as assimilated by 18 U.S.C. § 13 (1988). We affirm.
 
 
 2
 Sandgren and Telesca are members of Triangle Area Naturists, an organization which seeks to promote a clothing-optional lifestyle. The events giving rise to the present appeal took place during "National Nude Weekend," which was celebrated on July 14 and 15, 1990. As part of the activities commemorating this event Telesca and Sandgren gathered together with another twenty to fifty people in various stages of dress, or undress, upon a section of the beach in the Pea Island National Wildlife Refuge. Apparently in an effort to provide protection from the sun, the celebrants erected a tarpaulin to which they affixed a banner promoting their philosophy on clothing. There was also testimony that pamphlets were distributed extolling the virtues of a clothing-optional lifestyle.
 
 
 3
 Unfortunately for the naturists, their activities were spied by a National Park Service pilot patrolling the beach by air, and a ranger was dispatched to the scene. Though the National Park Service has no regulations concerning nudity in the parks, local law is assimilated by statute, 18 U.S.C. § 13. North Carolina, unluckily for Telesca and Sandgren, does not share the naturists' views on the merits of appearing naked in public-Telesca, Sandgren, and numerous others were cited for violating North Carolina's public indecency statute, N.C. Gen. Stat. § 14-190.9.
 
 
 4
 Telesca and Sandgren eschewed the path of least resistance taken by their fellow naturists and challenged their citations in court rather than paying the $50 fine.
 
 
 5
 The Defendants were charged in July 1990. Due to a number of continuances, either requested by the Defendants or necessitated by their actions, trial did not take place until February 1991. In January both Defendants and their retained attorney moved the court for permission for counsel to withdraw from the case. The court granted the motion as to Sandgren, but denied it as to Telesca. On the morning of trial the Defendants again sought a continuance, this time so that new counsel might enter the case on their behalf. The court denied the continuance, and after Telesca stated that he did not wish to be represented by his current attorney, dismissed counsel. The Defendants proceeded to trial pro se and were convicted.
 
 
 6
 On appeal new counsel raises a single issue; he contends that it was error for the court to allow counsel to withdraw at the same time it denied the Defendants' motion for a continuance.
 
 
 7
 An essential element of the right to counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing. United States v. Gallop, 838 F.2d 105, 107 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). Orders denying motions seeking a continuance so that counsel of the defendant's choosing may be retained are reviewed for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11 (1983); Sampley v. Attorney General, 786 F.2d 610, 613 (4th Cir.), cert. denied, 478 U.S. 1008 (1986).
 
 
 8
 The determinative issue is whether Telesca and Sandgren were afforded a "fair opportunity to secure counsel." Sampley, 786 F.2d at 613. The Defendants were originally charged in July 1990; trial was not ultimately held until February 1991, almost seven months later. Defendants made clear in their motions for a continuance filed in January that they had been dissatisfied with the performance of their retained attorney as early as October 1990. These same motions also demonstrate that in early December the Defendants decided to seek different counsel. At the same time, they were informed that Gladden would not represent them on any appeal, an issue which the Defendants viewed as essential to their representation.
 
 
 9
 Defendants had seven months in which to obtain counsel of their choosing. In addition, they were aware of serious difficulties with their original choice of counsel two months before trial. Accordingly, we find that the Defendants were awarded a "fair opportunity" to secure counsel and the district court's decision to deny the motions for continuance brought on the day of trial was not an abuse of discretion.
 
 
 10
 In addition, the record reveals the necessary facts to show that the Defendants' waiver of their right to counsel was both voluntary, and knowing and intelligent. See Gallop, 838 F.2d at 109-10.
 
 
 11
 Counsel argues that the district court could not, by its actions, require Defendants to proceed to trial without counsel. However, this Court has held that due process is not necessarily violated even if the denial of the motion for a continuance results in the defendant being forced to proceed to trial without counsel. Sampley, 786 F.2d at 613; see Gallop, 838 F.2d at 109 (where court has denied motion for substitution of counsel it can properly insist that defendant continue with current counsel or proceed to trial without counsel).
 
 
 12
 Because the Defendants were afforded a fair opportunity to secure counsel of their choosing, no error resulted from their being forced to go to trial without an attorney representing them.
 
 
 13
 Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED